

ENTERED
05/18/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SUKHDEV S DHALIWAL | § | CASE NO: 20-31944 |
| and | § | |
| KULWANT KAUR, | § | CHAPTER 7 |
|     Debtors. | § | |
| | § | |
| PACCAR FINANCIAL CORP., | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 20-3391 |
| | § | |
| SUKHDEV S DHALIWAL | § | |
| and | § | |
| KULWANT KAUR, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is the creditor/plaintiff's, PACCAR Financial Corp., request that Sukhdev S. Dhaliwal and Kulwant Kaur, debtors in the underlying bankruptcy, be denied a discharge pursuant to 11 USC § 727(a)(2)(A), or in the alternative, except from discharge the debt owed to PACCAR pursuant to 11 USC §§ 523(a)(2), 523(a)(4), and 523(a)(6). At issue is the dischargeability of a secured debt in the amount of $50,050.00. The Court finds that the debtors should not be discharged. Alternatively, the Court finds the debt of $50,050.00 owing to PACCAR is excepted from discharge.

## FACTS

Defendants, Sukhdev S. Dhaliwal and Kulwant Kaur are husband and wife, who were married in 2011. In 2014, they started a trucking business, wherein they purchased their first truck.

Plaintiff, PACCAR Financial Corp., financed defendants' purchase of one (1) 2016 Kenworth T680 model bearing vehicle identification number 1XKYD49XXGJ101649 (the "Truck") on June 22, 2015, and defendants executed a Security Agreement (OTIS Web) Retail Installment Contract and Security Agreement in favor of plaintiff, giving plaintiff a perfected security interest in and to said vehicle. By that time, defendants' business had grown, and they had at least four (4) trucks which they used in their transportation business. Defendants made regular payments on the Truck for the next several years.

The Truck broke down on or about February 1, 2019, and was towed to Pape Kenworth, a major truck and trailer repair shop in Bakersfield, California. Pape Kenworth inspected the Truck and estimated the repairs would cost about $21,500. At that time Pape Kenworth sent an estimate of

the repairs needed on the Truck to TruNorth Warranty ("TruNorth"). The debtors had purchased an extended warranty from TruNorth and believed the damages to the Truck were covered by the warranty. However, on or about February 5, 2019, TruNorth informed Pape Kenworth that the damage to the Truck was not covered by the warranty. After their claim was denied, the debtors moved the Truck from Pape Kenworth to JR Truck Trailer Repair ("JR Truck Repair"), also located in Bakersfield, California. Debtors continued to make payments on the truck through July 2019.

In August 2019, the defendants moved from California to Texas. Thereafter, they sold their California home on September 30, 2019. The proceeds from the sale, an estimated $90,000.00, were used to repay relatives and friends for funds that they had borrowed.

Debtors filed a Chapter 7 bankruptcy proceeding in the Southern District of Texas, Houston Division on March 26, 2020 under Case Number 20-31944. Defendants stated that the Truck would be surrendered on their Statement of Intention for Individuals Filing Under Chapter 7.[1] Defendants failed to surrender the Truck, and Plaintiff filed a Motion for Relief from Stay in the main case on May 5, 2020 to recover the vehicle.[2] The motion was granted on May 26, 2020, and an Order Granting Relief from Stay was entered by the Court.[3] To date, the plaintiff has not been able to locate the Truck.

At trial, debtors admitted that they failed to list the payment of $90,000.00 they received from the proceeds of sale of their California home, which they used to pay to unsecured creditors within one year from date of filing of the bankruptcy case on March 26, 2020, on their Statement of Financial Affairs.[4]

On August 12, 2020, Plaintiff filed a Complaint Objecting to Discharge of Debtor and/or for Non-Dischargeability of Debt resulting in this adversary proceeding in the U. S. Bankruptcy Court Southern District of Texas Houston Division.[5]

The Court finds that defendants made false statements under oath with respect to property belonging to this estate by failing to disclose the proceeds of sale of California real estate within one year of filing, transferring $90,000.00 to friends and family, and thereby concealing and permitting this property to be concealed.

Defendant Mrs. Dhaliwal, *aka* Kulwant Kaur, testified the engine of the Truck was taken apart by Pape Kenworth in Bakersfield, California, that they lacked the funds to make the repairs, or to get the Truck back. The Court finds that testimony is not credible. The Truck was inspected by the Federal Motor Carrier Safety Association in August 2019, finding an audible air leak in tire and leak in sealed hub.

---

[1] Bky Case No. 20-31944 ECF No. 1 Page 58.
[2] Bky Case No. 20-31944 ECF No. 12
[3] Bky Case No. 20-31944 ECF No. 20
[4] Bky Case No. 20-31944 ECF No. 1 Page 53.
[5] Adv. Proceeding No. 20-03391, ECF No. 1

## JURISDICTION AND VENUE

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the General Order of Reference of the Southern District of Texas. The matter at bar is a core proceeding pursuant to 28 U.S.C. § 157 as it is a proceeding that, by its nature, could arise only in a bankruptcy case. Venue is proper under 28 U.S.C. § 1408(1) because the debtors resided in the Southern District of Texas for 180 days prior to the filing of this Adversary.

## STANDARD OF REVIEW

"Nondischargeability must be established by a preponderance of the evidence."[6] The preponderance of the evidence standard requires the finder of fact to believe it is "more probable than not that a fact exists in order to find for the party putting forth that fact."[7]

## LEGAL ANALYSIS

**11 U.S.C. §727(a)(2)(A)**

The plaintiff first seeks the Court to deny debtors a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) as it claims that the defendants intentionally concealed or have permitted to be concealed property with the intent to hinder, delay, or defraud the chapter 7 trustee and creditors**.** To establish that discharge should be denied under § 727(a)(2)(A), a creditor must prove four elements: (1) a transfer [or concealment] of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; and (4) with intent to hinder, delay, or defraud a creditor or officer of the estate.[8]

Defendants concealed or permitted concealment of the Truck with the intent to hinder, delay or defraud creditors. These events took place between February and August 2019, which was within a year of the filing of the bankruptcy. Defendants also concealed or permitted concealment of $90,000, with the intent to hinder, delay or defraud creditors. They failed to disclose the receipt of proceeds from the sale of California real estate within one year of filing, and the subsequent transfer of the $90,000.00 to friends and family; thereby concealing and permitting this property to be concealed.[9] The failure to properly advise the Court, the trustee and the creditors about the payment of the proceeds was blamed on the debtors' failure to understand their attorney as what was required to be disclosed, and testified that it was not an attempt to defraud. The defendants stated that they made many attempts to advise the plaintiff where the Truck was, but they made no other efforts after the bankruptcy case was filed to surrender the vehicle in compliance with their

---

[6] *Countrywide Home Loans, Inc. v. Cowin (In re Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017), *citing Grogan v. Garner*, 498 U.S. 279, 284 (1991).

[7] *Neo Ventures v. Hamann*, 2010 WL 2985887 (Bankr. W.D.Texas 2010), c*iting Metropolitan Stevedore Co. v. Rambo,* 521 U.S. 121 (1997).

[8] *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 90 (5th Cir. 1989).

[9] The debtors have scheduled unsecured debts of $136,500 (ECF No. 1). The court finds that they preferentially paid friends and family holding unsecured claims from the sale of their California real estate to the determent of their scheduled unsecured debts in the year proceeding the filing of their case. They then intentionally failed to make required disclosures in their schedules and to the Trustee of these preferential payments.

<mark>Statement of Intent.[10]  The intent to defraud must be actual, not constructive.[11]  Additionally, "a presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives."[12]  The defendants' actions were sufficient to show fraudulent intent as set forth in 11 U.S.C. § 727(a)(2)(A), and the debtors are not entitled to a discharge.</mark>

**11 U.S.C. §523(a)(2)**

PACCAR further seeks the Court to find its debt non-dischargeable as a result of defendants' "deception by omission the monetary loss to the extent obtained by false pretenses, false representations and actual fraud" pursuant to 11 U.S.C. § 523(a)(2), which states a discharge will not be made for an "an individual debt (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; (B) use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

Section 523(a)(2)(A) only applies to past or current facts.[13]  It is undisputed that the Defendants obtained the loan for the Truck from the plaintiff several years before the default occurred.  Plaintiff has presented no evidence that the defendants had any bad intention when they obtained the loan in year 2015.  Instead, at the time when the loan was obtained by the defendants, their business was profitable, and there is no evidence of them making any false statements to obtain the loan. Plaintiff has not presented any evidence to establish that defendants made false statements to obtain the loan.

Whether or not the elements are identical for actual fraud, false pretenses and false representations, a creditor must prove that the debtor had an "intent to deceive" for the debt to be deemed non-dischargeable under § 523(a)(2)(A).[14]  Defendants could not keep up with their loan obligations because their business incurred losses due to repair issues with multiple trucks. The plaintiff has not shown that defendants had an intent to deceive the plaintiff.  Therefore, the Court finds plaintiff failed to meet its burden as required by § 523(a)(2)(A).

---

[10] Here the plaintiff has established a prima facie case and met their burden.  As to the defenses alleged by the debtor the court requires the debtor to present evidence that he is innocent of the charged offense.  *In re Duncan*, 562 F.3d 688, 695–96 (5th Cir. 2009) (internal citations omitted).  The debtors have failed in that burden and their testimony is vague and unreliable.

[11] *Id*. at 91 (Although "[a]ctual intent . . . may be inferred from the actions of the debtor and may be proven by circumstantial evidence.")

[12] *In re Chastant*, supra at 90 (*citing In re Butler*, 38 B.R. 884, 888 (Bankr. D. Kan 1984).

[13] *Labella v. Steves (In re Steves)*, 2013 WL 3230125 (W.D. Tex. Jun. 26, 2013) (*citing Allison v. Roberts (In re Allison)* 960 F.2d 481, 483-484 (5th Cir. 1992) ("[A] promise to perform acts in the future is not considered a qualifying misrepresentation merely because the promise is subsequently breached.")

[14] *Dorsey v. Dorsey*, 505 F.3d 395, 399 (5th Cir. 2007).

<mark>4 / 7</mark>

**11 U.S.C. § 523(a)(4)**

Plaintiff next argues the Court find its debt non-dischargeable as debtors were fiduciaries, and committed fraud, defalcation, embezzlement and larceny while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4), which states a debtor cannot obtain a discharge from any debt "…for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4) allows a creditor to prevent the discharge of a particular debt; by 1) proving the debtor incurred the debt through embezzlement, 2) proving that the debtor incurred the debt through larceny, and 3) proving that the debtor incurred the debt through fraud or defalcation while acting in a fiduciary capacity.  The plaintiff's burden to prove a violation of section 523(a)(4) is by a preponderance of the evidence.[15]

The concept of fiduciary duty is narrowly defined, applying only to technical or express trusts.[16] In this case there was no special relationship of trust, or written trust agreement between the defendants and plaintiff. It was just a relationship of lender and borrower.

Section 523(a)(4) may still apply if debtors' actions constitute larceny or embezzlement.  Plaintiff has not pled any specific acts constituting larceny or embezzlement.  Larceny is a specific intent crime, which means the person taking the property must specifically intend to commit larceny.  So if a person reasonably believes that they own the property they are taking, the would not have the specific intent required for larceny.[17]  The Supreme Court has defined embezzlement as, "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."[18] Embezzlement consists of three essential elements as follows: (1) the debtor appropriated funds, (2) the appropriation was for the debtor's use or benefit, and (3) the debtor did the appropriation with fraudulent intent. "A creditor proves embezzlement by showing that he/she entrusted property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud."[19] The Fifth Circuit has noted generically "that this discharge exception was intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's.[20]  For the purposes of the embezzlement exception to discharge, a fraudulent intent is "an intent to deceive another person and thereby induce such other person to transfer, alter or terminate a right with respect to property.[21]  There was no evidence that debtors embezzled any property.  Since there was not a

---

[15] *Master-Halco, Inc. v. Sanchez (In re Sanchez)*, 2009 WL 1657991 *5 (Bankr. S.D. Tex. 2009).
[16] *Miller v. J.D. Abrams, Inc.* (*In re Miller*), 156 F.3d 598, 602 (5th Cir. 1998)(Under § 523(a)(4), `fiduciary' is limited to instances involving express or technical trusts." *citing Texas Lottery Comm'n v. Tran,* 151 F.3d 339, 342 (5th Cir.1998).
[17] *In re Davenport*, 353 B.R. 150 (Bankr. S.D. Tex. 2006) (larceny applies only when a debtor unlawfully comes into possession of the funds at the outset.)
[18] *Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895).
[19] *In re Miller*, supra at 603 (*quoting In re Sokol*, 170 B.R. 556, 560 (Bankr. S.D.N.Y. 1994).
[20] *Id.* at 602; *see also Powers v. Caremark, Inc.* 261 Fed. Appx. 719 (5th Cir. 2008) (embezzlement, however, is not limited to situations in which one person is entrusted with the property of another.  It also applies where a person lawfully obtains property, but then fraudulently appropriates it to his or her own use).
[21] *Winn v. Holdaway (In re Holdaway)* 388 B.R. 767 (Bankr. S.D.Tex 2008); citing *In re Davenport*, *supra*.

fiduciary relationship between the parties, or evidence of embezzlement or larceny, the plaintiff does not meet the elements of this section.

**11 U.S.C. § 523(a)(6)**

Finally, the plaintiff requests the Court find the debt non-dischargeable as the debtors "engaged in a scheme to conceal collateral of creditor and otherwise defraud Plaintiff" pursuant to 11 U.S.C. § 523(a)(6), which denies discharges for "an individual debt (6) for willful and malicious injury by the debtor to another entity or to property of another entity." Again, the burden of proof is upon the creditor to establish that the debt is nondischargeable by a preponderance of the evidence.[22] The Supreme Court has established guidelines for determining whether a debt arises from "willful and malicious injury" under § 523(a)(6).[23] It has been established that § 523(a)(6) does not except from discharge debts arising from negligently inflicted injury. Rather, it applies only to "acts done with the actual intent to cause injury," and excludes intentional acts that merely happen to cause injury.[24]  Defendants here never acted with either the subjective intent to harm or the subjective belief their conduct was substantially certain to cause harm.

"Willful" means that there is objective substantial certainty of injury to subjective motive to injure.[25]  "Malicious" means an act done with the actual intent to cause injury.[26]  The Fifth Circuit employs a two-part test to determine willful and malicious injury.[27]  An injury is willful and malicious if the plaintiff proves "either an objective substantial certainty of harm or a subjective motive to cause harm."[28] The Fifth Circuit has held that for a debt to be nondischargeable, a debtor must have acted with 'objective substantial certainty or subjective motive' to inflict injury."[29]

An injury is willful and malicious if the plaintiff proves "either an objective substantial certainty of harm or a subjective motive to cause harm." To establish an objective substantial certainty of harm, the court must "analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to result in harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff."[30]  Here, the evidence shows that it was substantially certain that the debtors' actions in not advising plaintiff the location of the Truck, and the concealment of the proceeds from the sale of their real property were certain to result in harm; therefore, plaintiff has shown that it is entitled to relief under 11 U.S.C. § 523(a)(6).  The total debt owing to Plaintiff PACCAR under the documents is $50,050.00.

---

[22] *Grogan v. Garner*, 498 U.S. at 291.
[23] *Kawaauhau v. Geiger*, 523 U.S. 57, 59, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)
[24] *Id.* at 61, 118 S.Ct. 974/
[25] *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 603 (5th Cir. 1998), *citing Kawaauhau v. Geiger*, 523 U.S. 57 (1998)
[26] *Id.* at 606.
[27] *In re Williams*, 337 F.3d 504 (5th Cir. 2003).
[28] *Id.* at 509 (*citing In re Miller*, *supra* at 603.
[29] *In re Williams*, *supra* at 508–09 (5th Cir. 2003) (quoting *(In re Miller)*, *supra* at 603).
[30] *In re Powers*, 421 B.R. 326, 335 (Bankr. W.D. Tex. 2009).

**THEREFORE, IT IS ORDERED** that the debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2)(A). Alternatively, Plaintiff PACCAR has suffered a loss exceeding $50,050.00 by reason of its contract with debtor/defendants. Plaintiff is entitled to have judgment for its debt in the amount of $50,050.00 to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

SIGNED 05/18/2021

_____
Jeffrey Norman
United States Bankruptcy Judge